IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: Chelsea Lynne Potter | Case No. 19-60216-lkg |
| Debtor | Chapter 7 |
| | Judge Laura K. Grandy |

## MOTION TO WITHDRAW THE REFERENCE

Eric Homa of Deighan Law LLC (d/b/a "UpRight Law LLC") (hereafter "UpRight Law"), by his attorney Mark T. Lavery, hereby respectfully moves this Court pursuant 28 U.S.C. §157(d) to withdraw the reference to the Bankruptcy Court in this matter. At the outset, Mr. Homa and UpRight Law wish to emphasize that by filing this Motion, they do not wish to engage the Bankruptcy Court as an adversary (or to communicate any lack of respect toward the Bankruptcy Court), but are seeking to withdraw the reference in order to allow the District Court to establish an updated presumptively reasonable attorney fee for Chapter 7 cases filed in the Southern District of Illinois ("Southern District"). Mr. Homa is also seeking guidance relating to the propriety of the United States Trustee's use of a Rule 2004 Examination as a tool to evaluate the reasonableness of a Chapter 7 attorney fee. This guidance should streamline the fee review process and result in judicial economy that benefits debtors' counsel, the bankruptcy court, and other stakeholders in the bankruptcy system.

## INTRODUCTION

On June 18, 2019, Mr. Homa filed a Chapter 7 petition on behalf of the Debtor, Chelsea Potter. The Disclosure of Attorney Compensation that was filed with Ms. Potter's petition reflects that she was charged $1,675 for Chapter 7 bankruptcy. The following day, on June 19, 2019, the Honorable Bankruptcy Judge Laura Grandy issued an order relating to "Disclosure of

1

Attorney Compensation." (*See* Doc. 7). The order does not describe any conduct or inaction by Mr. Homa that may warrant an examination of the attorney fee paid by the debtor, nor does the order specify the statutory basis for the Bankruptcy Court's review, but given the general subject matter at issue (disclosure of attorney compensation), the statutory basis appears to be 11 U.S.C. § 329 and Fed. R. Bank. Proc. 2017.

The fee review order issued represents one of twenty-four (24) fee review orders that have been issued by the Bankruptcy Court in Chapter 7 bankruptcy cases filed by partners of UpRight Law throughout the past year (hereafter the "24 Cases".) The chart contained in the Appendix attached to this motion identifies some of the salient characteristics of the 24 Cases. The sole basis for the issuance of the orders appears to be the Bankruptcy Court's perception that the attorney fee paid to UpRight Law in Chapter 7 cases is higher than what is customarily charged by other law firms in the Southern District.

Despite the fact that the Bankruptcy Court issued the first of these orders approximately a year ago, none of the orders has been resolved, and the pace at which the Bankruptcy Court is entering new orders relating to attorney compensation in cases filed by UpRight Law attorneys in the Southern District has continued to accelerate. As a result, the number of contested matters associated with the Chapter 7 bankruptcy cases filed by UpRight Law has continued to mount.

Importantly, no presumptively reasonable fee for Chapter 7 bankruptcies has been reviewed in the Southern District for approximately twenty years. This is problematic for several reasons, including:

- The United States Court of Appeals for the Seventh Circuit has articulated a procedure that requires U.S. District Courts, in consultation with Bankruptcy judges, to set and periodically update rates for both Chapter 7 and Chapter 13 bankruptcies. *See Matter of Kindhart*, 160 F.3d 1176, 1178 (7th Cir. 1998). In the Southern District, presumptively reasonable Chapter 13 fees were reviewed in 2015, and the Bankruptcy Court articulated a presumptively reasonable fee of $4,500 – an increase of 275% over the presumptively

2

reasonable fee for Chapter 13 cases that was established in the late 1990's. Nevertheless, no similar review has taken place for Chapter 7 bankruptcies since the late 1990's.

- Where, as here, a bankruptcy attorney is forced to litigate the reasonableness of fees charged in the absence of uniform procedures relating to fee challenges, and specific notice relating to the issues at play in the review of attorney compensation, it violates Due Process. *See generally In re Ingersoll*, 238 B.R. 202 (D. Colorado 1999) (bankruptcy court's use of "check-the-box" orders, which contained boilerplate objections to fee applications and required counsel who did not accept the suggested reduction in fees to submit briefs and supporting affidavits, but provided for no hearings on the applications, was fundamentally unfair and inconsistent with Due Process); *Matter of Kindhardt,* 160 F.3d at 1178 (court abused its discretion by reviewing attorney fees in the absence of the articulation of a presumptively reasonable fee).

- The litigation expense associated with defending the reasonableness of the fees that the firm has charged threatens to be incredibly expensive. In this case (and in most of the 24 Cases), the United States Trustee ("UST") has filed a Motion for a Rule 2004 Examination and has requested production of documents. If these Examinations are permitted to go forward, it will quickly outstrip the attorney fee earned in these cases.

- Moreover, because the Bankruptcy Court continues to issue fee review orders regularly, the absence of current guidance as to what constitutes a presumptively reasonable fee in a Chapter 7 case in the Southern District threatens to impose additional cost and disruption.

- Holding cases open for adjudication of fees is unfair to those debtors trying to get the fresh start envisioned by Title 11. For example, in Ms. Potter's case, she has executed a sworn statement in which she explains that she does not care whether she was charged more than by UpRight Law than she would have been by other practitioners, that the UST's intention to make her sit for a Rule Examination 2004 examination is causing her anxiety, and that she wishes to have this process concluded. In similar circumstances, courts have recognized the impropriety of seeking to use Rule 2004 Examinations. *See, e.g., In re Martelli*, No. BR 16-20316-PRW, 2017 WL 3098105, *3 (Bankr. W.D.N.Y. July 20, 2017) (noting in the context of denying UST's attempt to take Rule 2004 Examinations not related to debtor conduct that the debtors "deserve the chance to move on.").

In light of these issues, cause exists to withdraw the reference in the instant case. As contemplated by *Kindhart*, within 30 days, the District Court should establish a presumptively reasonable fee for Chapter 7 cases filed in the Southern District that is appropriate for the year 2019 (and akin to the procedure already followed for Chapter 13 cases). The District Court should also issue guidance on the propriety of using of a Rule 2004 Examination in this case to

3

assess the reasonableness of the attorney fee charged. This guidance can then be issued by the Bankruptcy Court to resolve the fee review orders in the other 23 cases (and serve as guidance about the propriety of the issuance of future fee review orders, if any, in other cases).

### **PROCEDURAL POSTURE**

On June 19, 2019, the Honorable Bankruptcy Judge Laura K. Grandy entered an order to consider and act upon "Disclosure of Attorney Compensation" in the above-captioned case, which was filed on June 18, 2019. On August 21, 2019, Mr. Lavery appeared before the Bankruptcy Court at a "hearing on disclosure of compensation of attorney." (Doc. #17). The United States Trustee, represented by Mark Skaggs, attended this hearing as well. The hearing did not involve a consideration or determination on the merits of the attorney compensation issue. At the hearing, Mr. Lavery made an oral motion to stay discovery, a motion to which the UST objected. The Bankruptcy Court denied the Motion, and on August 28, 2019, the UST issued a Motion for a Rule 2004 Examination of Ms. Potter and of Mr. Homa. The date for issuing Objections to the UST's Rule 2004 Examination in the instant case is October 9, 2019.

On behalf of the Debtor, Mr. Homa will be filing an objection to the Rule 2004 Examination of the Debtor supported by Ms. Potter's certification. See Exhibit A. In a nutshell, as the Certification of Ms. Potter explains, Ms. Potter does not want to sit for a Rule 2004 Examination, the UST's filings in this matter are causing her anxiety, she does not care if she was charged more for her Chapter 7 Bankruptcy than she might have been by other practitioners, and she wants to get on with her life. See Exhibit A at para. 4, 5, 10,

To date, none of the fee review orders in any of the 24 Cases have been resolved, and these matters have been pending despite the absence of a recently established presumptively reasonable attorney fee for Chapter 7 bankruptcies in the Southern District. Currently, the UST

is seeking collectively to take 41 Rule 2004 Examinations, including the Examination of Ms. Potter, and that number presumably would grow in the event that the UST issues more Motions for 2004 Examinations and/or the Court issues more fee review orders.

## ARGUMENT

### A. The District Court should withdraw the reference for "cause shown."

District courts may refer any or all bankruptcy proceedings to the bankruptcy judges of their district, which the Southern District has done. *See Stern v. Marshall*, 564 U.S. 462, 473 (2011) (*citing* 28 U.S.C. § 157(a); S.D. Ill. Local Rule Br 1001.1. A district court also "may withdraw, in whole or in part, any case or proceeding referred to the bankruptcy court under this section, on its own motion or on timely motion of any party, for cause shown." *See Stern*, 564 U.S. at 473; 28 U.S.C. §157(d).

The term "cause" is not defined in 28 U.S.C. § 157, but courts have identified certain factors that support cause. *See, e.g. In re Sevko, Inc.,* 143 B.R. 114, 117 (N.D. Ill. 1992). Those factors include:

- promoting the uniformity and efficiency of bankruptcy administration
- judicial economy
- conservation of resources
- reduction of forum shopping and confusion

As explained below, these factors overwhelmingly support partial withdrawal of the reference in the instant case in order to allow the District Court to establish a presumptively reasonable fee for Chapter 7 cases in the Southern District, and for the District Court to issue guidance on the propriety of using Rule 2004 Examinations as a tool to assess the reasonableness of the attorney fee charged by denying the UST's Motion for Rule 2004 Examinations in this case.

5

### 1. Withdrawal of the reference will promote the uniformity and efficiency of bankruptcy matters in the Southern District.

The Seventh Circuit requires that the district court – not a bankruptcy court – set a presumptively reasonable fee for consumer bankruptcies prior to examination of any fee. Under Seventh Circuit precedent, a district court must (1) reexamine the bankruptcy fee process through a meeting with the district court and bankruptcy judges, (2) make adjustments in the fees at issue as is deemed reasonable and fair and (3) give the attorney the benefit of any new adjustments. *Kindhart*, 160 F.3d at 1179.[1] The Seventh Circuit articulated these procedures in furtherance of establishing uniformity as to the review of attorney fees, which the Seventh Circuit viewed as "desirable." *Id.* Moreover, the Seventh Circuit recognized that the presumptively reasonable fee "can save time for bankruptcy courts and attorneys" thus approving efficiency in administration of cases. *Id.* Notably, the Seventh Circuit held in *Kindhart* that the bankruptcy court had abused its discretion in relying on a presumptively reasonable fee that was ten years old. *Id*

The presumptively reasonable fee for Chapter 7 bankruptcies in the Southern District has not been updated in over twenty years.[2] Given that fact, now is an appropriate time for the District Court to issue guidance as to the presumptively reasonable fee in the Southern District, and then apply it to the pending fee review order in the Potter case. Doing so will benefit not only UpRight Law and its attorneys (and expedite resolution of the 24 Cases), but also other attorneys that file Chapter 7 bankruptcies in the Southern District. Thus, withdrawal of the reference is appropriate in this case.

---

[1] *Kindhart* involved a Chapter 13 bankruptcy case. However, the Seventh Circuit has approved the use of a presumptively reasonable fee in Chapter 7 cases as well. *See In re Banks*, 545 B.R. 241, 248 (N.D. Ill. 2016) (*citing In re Geraci*, 138 F.3d 314, 321 (7th Cir. 1998)).

[2] *In re Crivilare*, 213 B.R. 721, 725 (Bankr. S.D. Ill. 1997).

6

## 2. Withdrawal of the reference will promote judicial economy.

The procedure required by the Seventh Circuit in *Kindhart* is more judicially economical than the current process that is being used by the Bankruptcy Court. With due respect, the current process is problematic in at least two respects: (1) the Bankruptcy Court has issued orders that contest the attorney fees in the 24 Cases filed by UpRight Law in the absence of a recently-set presumptively reasonable fee in Chapter 7 cases in the Southern District; and (2) the UST is attempting to use Rule 2004 Examinations as a tool to evaluate the reasonableness of attorney fees. The result is a highly cumbersome and expensive procedure that is inimical to the efficient administration of these bankruptcy cases. It is also creating anxiety for Ms. Potter who wishes to put the bankruptcy process behind her and move forward with the fresh start envisioned by Title 11. See Exhibit A at para. 5. Withdrawal of the reference in the instant case can address these issues.

First, the District Court can assist in the resolution of questions about the reasonableness of Chapter 7 attorney fees in the Southern District by promptly issuing, within 30 days, guidance as to the presumptively reasonable fee for Chapter 7 cases in the Southern District, as contemplated by *Kindhart*. This is important for various reasons, including the following observations of the district court in *Ingersoll*:

> Mr. Carlson and the attorneys joining in the *amicus* brief have made both substantive and procedural objections to the procedure followed in these four cases. They contend that stating objections in boilerplate language does not give counsel adequate notice of what is at issue. Motions to reconsider are often necessary before a meaningful response can be prepared. *There is some plausibility to the suspicion that the procedure may be designed to be so burdensome and time consuming that counsel will simply accept the reductions made by the bankruptcy judge rather than take the trouble to defend the fee applications.*

*In re Ingersoll*, 238 B.R. at 205 (emphasis added). The *Ingersoll* court recognized the expense associated with the procedure used by that bankruptcy court plausibly might lead to a situation in

which practitioners simply elect to take a fee reduction, rather than to engage in the expensive process associated with seeking approval of their fee. Regrettably, and with due respect, the procedure being used in the instant case (and related cases) is comperable to the one at issue in *Ingersoll*. Moreover, if UpRight Law was willing to accept the presumptively reasonable fee of $700 established in the Southern District in 1997, it is unclear whether it would result in closure of this matter.

Second, the use of Rule 2004 Examinations (in the instant case and the other cases) as a tool to evaluate reasonableness of fees is not proper, and given the relatively modest amounts of fees earned in Chapter 7 cases, use of such a procedural device threatens to exceed the amount earned in the representation. Such a costly procedure, particularly when employed reflexively, does not comport with the polices of the Bankruptcy system, or *Kindhart*. Moreover, to the extent that this process is being used in an effort to "fish" for misconduct by the movants or UpRight Law, it is improper. *See, e.g., In re Martelli*, No. BR 16-20316-PRW, 2017 WL 3098105, *3 (Bankr. W.D.N.Y. July 20, 2017) (in case involving UpRight Law, bankruptcy court denied the UST's Motion for Rule 2004 examination that was not aimed at conduct or actions of the debtor, but was intended to uncover evidence of misconduct by UpRight Law and its partner)[3]; *see also In re Strecker*, 251 B.R. 878, 880 (Bankr. D. Colo. 2000) ("[Rule] 2004

---

[3] The *Martelli* court explained the limits of the Rule 2004 Examination Process as follows:

> First, an examination under Rule 2004 must be requested by a party in interest in the form of a motion—and may be ordered by the Court (in the exercise of its discretion). Rule 2004(a) FRBP. Second, if granted, the scope of an examination under Rule 2004 "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Rule 2004(b) FRBP (emphasis added). The phrase, "any matter which may affect the administration of the debtor's estate," *is not viewed by this Court as a loophole through which an interested party—here, the UST—can wiggle to avoid the catch limits of Rule 2004(b)*. "Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate." Administration, Black's Law Dictionary (10th ed. 2014).

*Martelli*, 2017 WL 3098105, at *3 (emphasis included).

8

examinations are not an unfettered and totally unqualified tool for 'fishing' for adverse information."). Whether used to evaluate the reasonableness of UpRight Law's fees, or for the purpose of attempting to discover misconduct, the UST's use of Rule 2004 Examinations in this context is improper.

Third, *Ingersoll* remarked that Standing Chapter 13 Trustee should be the party to review fee applications in Chapter 13 cases to avoid the development of an adversarial relationship between the bankruptcy judge and the applying attorney. *See In re Ingersoll*, 238 B.R. at 209. The responsibilities of Chapter 7 Trustees are governed by the Chapter 7 Trustee handbook, which requires them to, among other things, notify the United States Trustee of any unreasonable fee:

> The trustee must review this disclosure of compensation and make an independent determination whether the fee paid or agreed to be paid is excessive. 11 U.S.C. §704(a). If the fee is excessive, the trustee must discuss with the United States Trustee the possibility of bringing the matter before the court for a review of fees pursuant to section 329(b) and Rule 2017(a). 28 U.S.C. § 586.

Handbook for Chapter 7 Panel Trustees, Effective October 1, 2012, https://www.justice.gov/ ust/file/handbook_for_chapter_7_trustees.pdf/download. Given the fact that Chapter 7 Trustees have responsibility for review Chapter 7 fees for reasonableness, including the 24 Cases, the necessity of the Court's issuance of fee review orders is unclear.

### 3. Withdrawal of the reference will expedite the bankruptcy process.

Another factor that supports a finding of "cause" for withdrawal of the reference is that it will expedite the bankruptcy process. The Bankruptcy Appellate Panel of the Tenth Circuit, citing *Kindhart*, recognized that district courts have promulgated presumptive fees in order to expedite administration. *In re Tahah*, 330 B.R. 777, 783 (B.A.P. 10th Cir. 2005). The thrust

9

behind the *Kindhart* procedure is to simplify and expedite the issue of the reasonableness of fees in consumer bankruptcy cases.

### 4. Confusion will be reduced by withdrawal of the reference.

Courts have identified forum shopping and confusion as a factor to consider when determining whether cause exists for withdrawal of the reference. This Motion is not an attempt at forum shopping. The *Kindhart* procedure requires the District Court Judges to meet with the Bankruptcy Court Judges for input and then the District Court is required to enter an order with respect to the fees. Movant is not forum shopping but merely requesting the proper procedure under Seventh Circuit caselaw. The proper procedure requires the District Court to examine the fees and determine the proper fee for the case after the presumptively reasonable fee is set. *Kindhart*, 160 F.3d at 1179 (holding district court should make new adjustments to fees after presumptively reasonable fee is set). Withdrawal of the reference in this case and implementation of the *Kindhart* procedure will also certainly reduce confusion about the fee guidelines for all consumer attorneys in the District.

### CONCLUSION

The Seventh Circuit harkened that "Bankruptcy courts must not be so unreasonably frugal as to risk driving the bankruptcy bar into bankruptcy." *Matter of Kindhart*, 160 F.3d at 1179. With due respect, the costs and expenses that the Bankruptcy Court and the UST are imposing upon Upright Law and its clients without the proper procedures in place are creating substantial hardship. The District Court should restore due process to the proceedings by withdrawing the reference in this case and implementing the *Kindhart* procedure. Mr. Homa respectfully requests that the Court grant this Motion and enter an order withdrawing the reference to the Bankruptcy Court.

                                                      Respectfully Submitted,

                                                      /s/ Mark T. Lavery
                                                      Attorney for Eric Homa

Mark T. Lavery
UpRight Law LLC
79 W. Monroe, 10th Floor
Chicago, IL 60603
312-792-9533
mlavery@uprightlaw.com

**Appendix: Cases in Which Bankruptcy Court Has Issued Fee Review Orders**

| Case Name | Case Number | Date Petition Filed | Date Minute Order Entered on Status of Fee Review | Amount of Attorney Fees Paid by Clients |
|---|---|---|---|---|
| Davis, Richard | 18-60241 | 6/27/2018* | 7/08/2019 | $1,300.00 |
| Curry, Kristyn | 18-60382 | 10/03/2018* | 10/05/2018 | $1,725.00 |
| McKim, Paula | 18-60452 | 11/28/2018* | 7/08/2019 | $1,675.00 |
| Dedmon, Terry | 19-30087 | 1/30/2019* | 7/08/2019 | $1,725.00 |
| Sierra-Scott, Kerri | 19-30157 | 2/15/2019* | 7/08/2019 | $1,675.00 |
| Dennis, Sandra | 19-40180 | 3/13/2019* | 3/28/2019 | $1,425.00 |
| VanDeventer, Ross | 19-60152 | 4/24/2019* | 7/08/2019 | $1,200.00 |
| Clark, Marc | 19-30720 | 5/19/2019* | 5/31/2019 | $1,775.00 |
| Potter, Chelsea | 19-60216 | 6/18/2019 | 6/19/2019 | $1,675.00 |
| Haws, Wendell | 19-60222 | 6/23/2019 | 6/24/2019 | $1,675.00 |
| Mounce, Ariel | 19-30856 | 6/25/2019 | 7/08/2019 | $1,675.00 |
| Lalumondiere, Harold | 19-30905 | 7/02/2019 | 7/08/2019 | $1,725.00 |
| Taylor, Drake & Sonny | 19-60245 | 7/02/2019 | 7/09/2019 | $1,775.00 |
| Fouts, Ace | 19-30988 | 7/25/2019 | 7/29/2019 | $1,550.00 |
| Turner, Jason | 19-30993 | 7/26/2019 | 7/29/2019 | $1,675.00 |
| Chamberlain, Marsha | 19-31029 | 7/31/2019 | 8/02/2019 | $1,675.00 |
| Lankford, Donald | 19-31097 | 8/15/2019 | 8/16/2019 | $1,375.00 |
| Orlov-Halsey, Brittany | 19-31140 | 8/25/2019 | 9/20/2019 | $1,265.00 |
| Johnson II, Albert | 19-60320 | 8/30/2019 | 9/03/2019 | $1,775.00 |
| Beckemeyer, Megan | 19-31273 | 9/20/2019 | 9/24/2019 | $1,675.00 |
| Burns, Boyce & Amanda | 19-60349 | 9/21/2019 | 9/24/2019 | $1,250.00 |
| Schnack, Thomas | 19-40714 | 9/21/2019 | 9/23/2019 | $1,150.00 |
| Suddeth, John & Iris | 19-31287 | 9/25/2019 | 9/26/2019 | $1,250.00 |
| Reynolds, Teresa | 19-60357 | 9/26/2019 | 9/27/2019 | $1,675.00 |

*Case in which a Discharge Order has been entered

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served upon all counsel of record via CM/ECF filing system and to debtor listed below via regular first-class mail, proper prepaid postage and deposited at a U.S. Mailbox in Chicago, Illinois on or about October 4, 2019:

Chelsea Lynne Potter
701 ½ West Franklin
Apartment D
Effingham, Illinois 62401


/s/ Mark T. Lavery
Mark T. Lavery

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

In re: Chelsea Lynne Potter

Debtor

Case No. 19-60216-lkg

Chapter 7

Judge Laura K. Grandy

### CERTIFICATION OF CHELSEA LYNNE POTTER

1. I, Chelsea Lynne Potter, am an adult of sound mind, and I am competent to give this certification.

2. I am aware that the United States Trustee wants to examine me about issues relating to the fees I paid to Upright Law.

3. I object to the examination.

4. I simply want to get on with my life.

5. Every time the United States Trustee files something in this case, I suffer from anxiety and wonder when this will all end.

6. My daughter recently had surgery to remove her tonsils and adenoids. This motion came to me while I was trying to deal with a sick child.

7. I am getting married next May and working on my wedding plans. The motion filed by the United States Trustee is inconvenient and disturbing my life.

8. I just want my bankruptcy over and done with.

9. I do not want to be questioned again by Counsel for the United States Trustee because this will disturb my life.

10. I know I paid more for my bankruptcy than what the other people testified to paying during our 341 hearings on the day I testified.

11. I paid $1,675.00 in attorney fees and $335.00 in court fees to Upright Law to file my bankruptcy; but it was my choice to pay those fees and I still do not object to the amount I paid to Upright Law.

12. I did not call around for prices and this was also my choice.

13. I do not see how anything I can say at an examination is important to my bankruptcy.

14. I have no complaints with my representation or the fees charged and I simply want this done with.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 4, 2019.

*Chelsea Potter*

Chelsea Lynne Potter