IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC HOMA,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES TRUSTEE<br>NANCY J. GARGULA,<br><br>        Defendant. | Case No. 19-cv-1139-NJR<br><br>Bankruptcy Petition 19-60216-LKG |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Withdraw Reference from the United States Bankruptcy Court for the Southern District of Illinois filed by Plaintiff Eric Homa ("Homa") pursuant to 28 U.S.C. § 157(d) (Doc. 1). Defendant United States Trustee Nancy J. Gargula ("the Trustee") filed a response in opposition to the request to withdraw reference (Doc. 2), and Homa filed a reply (Doc. 3). The Court heard arguments on the Motion to Withdraw Reference on December 5, 2019.

### BACKGROUND

On June 18, 2019, Homa, a bankruptcy attorney with UpRight Law LLC, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this district's bankruptcy court on behalf of Debtor, Chelsea Potter ("Potter"). In the course of that proceeding, Chief United States Bankruptcy Judge Laura K. Grandy issued a fee review order relating to the $1,675 fee Homa charged Potter. Shortly thereafter, Homa filed a Motion to Withdraw Reference in this Court.

## LEGAL STANDARD

District courts have original jurisdiction over all bankruptcy proceedings arising out of Title 11 of the United States Code, *see* 28 U.S.C. § 1334, but a district court may "provide that any or all cases under title 11 [of the United States Code] and any or all proceeding arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). This district's Local Rule Br1001.1 automatically refers all cases rising under Title 11 to the bankruptcy judge in this district.

A district judge "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown" for the removal. 28 U.S.C. § 157(d). Section 157(d) does not define "cause," but courts generally consider the following factors in determining whether cause exists: whether withdrawal would promote judicial economy or uniformity and efficiency in bankruptcy administration; whether it would reduce forum shopping; whether it would cause delay and costs to the parties; whether a particular court has familiarity with the case; whether the parties have demanded a jury trial; and whether a core or non-core proceeding is involved. *See Adelsperger as Tr. For Consol. Bankr. Estate of 5 Star Commercial, LLC v. 3d Holographics Med. Imaging Inc.*, No. 3:16-CV-759-HAB, 2019 WL 2206091, at *2 (N.D. Ind. May 21, 2019).

As another district court put it, district courts have "broad discretion to determine whether to withdraw a reference based on cause, but at the same time, permissive withdrawal is the exception, rather than the rule, as bankruptcy jurisdiction is 'designed to provide a single forum for dealing with all claims to the bankrupt's assets.'" *In re K & R Express Sys., Inc.*, 382 B.R. 443, 446 (N.D. Ill. 2007) (citing *In re Sevko, Inc.*, 143 B.R. 114, 115 (N.D. Ill. 1992), and quoting *Xonics v. First Wis. Fin. Corp.*, 813 F.2d 127, 131 (7th Cir. 1987)). The moving party has the burden of establishing sufficient cause. *In re Stein*, Case No. 1:17-

cv-00561-TWP-MJD, 2017 WL 2418325, at *1 (S.D. Ind. June 2, 2017).

## ANALYSIS

Homa asks the Court to withdraw the reference in order to: (1) allow the district court to establish an updated presumptively reasonable attorney fee for Chapter 7 cases filed within the Southern District of Illinois; and (2) obtain guidance relating to the propriety of the use of a Rule 2004 Examination as a tool to evaluate the reasonableness of a Chapter 7 attorney fee.

Homa argues that withdrawal of the reference will promote uniformity and efficiency, emphasizing that the Seventh Circuit Court of Appeals requires a district court to set a presumptively reasonable fee for consumer bankruptcies, citing *Matter of Kindhart*, 160 F.3d 1176, 1179 (7th Cir. 1998). Homa also argues that withdrawing the reference will promote judicial economy because the Court can promptly issue, within 30 days, guidance as to the presumptively reasonable fee for Chapter 7 cases as contemplated by *Kindhart*.

The Trustee responds that the issues raised by Homa are core matters within the meaning of 28 U.S.C. § 157(b)(2) that should be adjudicated by the bankruptcy court. The Trustee argues that Homa is engaging in forum shopping to avoid the bankruptcy court's review of UpRight Law's fees and is seeking an advisory opinion from this Court on issues irrelevant to the underlying case. The Trustee also asserts that Homa distorts the substance of the *Kindhart* decision.

In *Kindhart*, a bankruptcy attorney sought additional fees in three Chapter 13 cases. *Kindhart*, 160 F.3d at 1177. The bankruptcy court in the Central District of Illinois had previously established an $800 base to be used as presumptively reasonable for Chapter 13 attorneys' fees. *Id*. The attorney filed a motion for additional fees exceeding the $800 base. *Id*. The bankruptcy court awarded a portion of the fees sought in one case but did not award

increases in two of the cases. *Id*.

The attorney appealed this ruling to the district court. The district court ultimately affirmed, noting that the attorney failed to show that the use of the $800 benchmark procedure was contrary to law or that its use was arbitrary, or so low that it discouraged the filing of Chapter 13 petitions. *Id*. at 1178.

The attorney then appealed to the Seventh Circuit Court of Appeals. *Id*. The Court of Appeals concluded that the $800 base (first adopted 10 years earlier) was likely outmoded and arbitrary. *Id*. It decided it would not determine what the base rate should be and instead remanded the case to the district court to make this determination, noting that "[t]his general fee problem seems a fit one for the bankruptcy judges to consider and resolve in their meetings under the guidance of the district judges. After the fee situation is reconsidered in the Central District, then the fees in this case can be better redetermined. The views of the bar and the Trustee may also be helpful to the judges" *Id*. at 1179. Citing *In the Matter of: Peter Francis Geraci*, 138 F.3d 314 (7th Cir. 1998), the Court of Appeals noted that "[t]he presumptive fee procedure used fairly in Chapter 7 or Chapter 13 cases can save time for bankruptcy courts and attorneys." *Id*. at 1178.

The Court of Appeals ultimately "remanded to the district court in order for the bankruptcy and district judges to reexamine the bankruptcy fee process, and then to make such adjustments in the fees at issue as deemed reasonable and fair." *Id*. at 1179. "Thirty days" were allowed for that purpose, and a judicial "report [was] to be filed with [the Court of Appeals] advising of any new fee process and base adopted, as well as an explanation of the fees determined to be reasonable and allowed in this case." *Id*. The Court of Appeals noted that the attorney need not file a new Notice of Appeal, and that an appropriate order from the Court of Appeals would follow. *Id*.

Thus, *Kindhart* does not specifically hold that this Court is *required* to establish a presumptively reasonable fee for Chapter 7 cases, nor does it hold that the Court should withdraw reference in a case such as this one.

The Court has considered the factors used in determining whether cause exists and concludes that they weigh against withdrawing the reference. Although setting a presumptively reasonable fee would certainly promote uniformity in bankruptcy administration, Homa is essentially asking the Court to withdraw reference to do something that the Court is not required to do. Judge Grandy is certainly the most familiar with the underlying case and the issues raised in Homa's motion. She is also in the best position to decide whether a presumptively reasonable fee would be helpful in this case. Judge Grandy apparently saw a discrepancy in UpRight Law's fees that warranted further inquiry. It is not clear to the Court what effect, if any, that establishing a benchmark fee would have on her inquiry.

Furthermore, as conceded by Homa at the recent hearing, the issues he has raised involve core proceedings. "In core proceedings, [] bankruptcy judges may hear and determine all cases and may enter appropriate orders and judgments, subject to appellate review by the district court." *In re: Garrison*, No. 1:15-cv-00588-RLY-DKL, 2016 454807, at *2 (S.D. Ind. Feb. 5, 2016). As to Homa's argument that withdrawing the reference would promote judicial economy, the Court disagrees. If the Court withdraws the reference, this case would stand in line next to 1,014 civil cases and 73 criminal cases (some with multiple defendants) on the undersigned's docket. This represents double the amount of cases that the undersigned had prior to the two judicial vacancies in this district. It would be hard to justify prioritizing this case ahead of many earlier-filed cases where the parties are still awaiting rulings on dispositive motions. Thus, in all likelihood, withdrawing the reference would

cause further delay.[1]

Finally, Homa has pointed to no case where a district court withdrew the reference under similar facts, and Homa has not established that sufficient cause exists to do so here. Thus, the Court finds that he has failed to meet his burden.

### Conclusion

For the reasons explained above, the Court **DENIES** Homa's Motion to Withdraw Reference (Doc. 1). Accordingly, the case shall proceed in the bankruptcy court, and it is **DISMISSED without prejudice** in this Court. This Clerk of Court is **DIRECTED** to **CLOSE** the case.

**IT IS SO ORDERED.**

**DATED:** December 9, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] Homa indicates that the Court should promptly issue its decision "within 30 days." The 30-day deadline in *Kindhart* was set by the Court of Appeals upon remand of the case because the Court of Appeals was awaiting the judicial report in order to enter its final opinion. The Court does not interpret this to mean that a district court must establish a presumptively reasonable fee within 30 days after a party raises the issue or makes such a request.